**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BERLIN FUEN PIN TINEO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2181-R** |
| | ) | |
| **WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Berlin Fuen Pin Tineo, a noncitizen[1] and Dominican national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 8, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court deny the Petition.

## I. Background

Petitioner, a citizen of the Dominican Republic, lawfully entered the United States on a tourist visa in 2015, but stayed beyond its expiration. Pet. at 8; Resp. at 2.[2] Ten years

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to all filings use the CM/ECF page numbers in the documents' headers.

later, on October 3, 2025, ICE detained him. Pet. at 8; Resp. at 2. At Petitioner's request, an Immigration Judge ("IJ") conducted a bond hearing on October 16, 2025, and he was released on a $10,000 bond. Pet. at 8; Resp. at 2.

On February 10, 2026, ICE re-detained Petitioner. Pet. at 8; Resp. at 2; Doc. 15-1 at 1 (Warrant for Arrest of Alien). Respondents allege "the basis for the arrest was an Interpol Red Notice for the crime of armed robbery while impersonating agents of the [Dominican Republic's] National Drug Controle Directorate." Resp. at 2; *see* Doc. 15-3 at 2 (Red Notice for Petitioner).

On August 6, 2026, Petitioner had a bond hearing and was represented by counsel. Pet. at 8; Resp. at 2. The IJ allowed each side to offer legal arguments, acknowledged the evidence submitted by both sides, and then denied the bond request after finding Petitioner "did not establish" he was "not a danger to the community and, in the alternative, not a flight risk." Doc. 16 (IJ Bond Hearing Audio); Doc. 15-4 at 1 (IJ Order). A central dispute at the bond hearing was how the IJ should treat the alleged existence of a 2018 Red Notice[3] against Petitioner that was referenced in his I-213. *See generally* Doc. 16. Counsel for the Department of Homeland Security ("DHS") did not provide to the IJ a copy of the Red Notice. Pet. at 8; Resp. at 3. Petitioner claimed the Red Notice was "inactive," Pet. at 8, and had been available to DHS (but not discussed) at his October 2025 bond hearing.

[3] "A Red Notice is a request to law enforcement worldwide to locate and provisionally arrest a person pending extradition, surrender, or similar legal action. A Red Notice is not an international arrest warrant." Interpol, Red Notices, www.interpol.int/en/How-we-work/notices/Red-Notices/View-Red-Notices (last visited Nov. 23, 2026).

Petitioner also "pointed to contrary evidence from the Dominican Republic indicating that [he] did not have a criminal record." Resp. at 3. The IJ questioned counsel for DHS about the Red Notice and how to reconcile its absence in the record with Petitioner's evidence of no criminal history in the Dominican Republic. In his subsequent written order, the IJ noted "the contradictory evidence in the record" about the Red Notice but declined to find Petitioner "met his burden to show that he is not a danger." Doc. 17 at 2 (IJ Order). The IJ determined "the record is insufficient to establish that [Petitioner] would not pose a danger to persons or property if he were released." *Id.* at 3. The IJ also found Petitioner's "release would present an unacceptable flight risk." *Id.*

On October 6, 2026, an IJ ordered Petitioner removed. *See* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/ (last visited Nov. 23, 2026). On November 5, 2026, an appeal of the IJ's order was received by the Board of Immigration Appeals, and the appeal is pending. *Id.* Therefore, his removal order is not final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 4. He remains detained there. *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited Nov. 23, 2026).

## II. <u>Petitioner's Claims</u>

Petitioner asserts three counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges he is unlawfully detained under 8 U.S.C. § 1225(b)(2) because he was not "seeking admission," and noncitizens like him "are

generally instead detained under § 1226 while in removal proceedings, and are thus eligible for release on bond under § 1226(a)." Pet. at 22 (citation modified).

- **Count II: Violation of ICE Regulations.** Petitioner alleges he is entitled to a bond hearing under 8 C.F.R. §§ 1236.1(d)(1) and 1003.19 because no exception in § 1003.19 precludes an IJ from granting bond to noncitizens like him. Pet. at 23. He also alleges his "detention violates 8 C.F.R. § 241.13(i)(3) because Respondents failed to provide the required notice and opportunity to respond." Pet. at 23.

- **Count III**: **Violation of Due Process.** Petitioner alleges ICE's "decision to redetain [him]" and his current ICE detention violate his rights to due process. Pet. at 24. Petitioner also claims his bond hearing with the IJ "was not individualized or constitutionally compliant." *Id.*

Petitioner seeks "immediate release" or an "individualized, constitutionally compliant, bond hearing within 15 days" (or release if no timely hearing is conducted). *Id.*

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Petitioner's challenges to the INA and ICE regulations should be denied because he already received a bond hearing under § 1226(a).

In his first count, Petitioner claims he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and argues instead that § 1226(a) governs his current detention. Pet. at 22. Respondents agree that he is held under § 1226(a). Resp. at 1. Indeed, Petitioner already had a bond hearing under § 1226(a). *See* Doc. 17 at 1 (referring to § 1226(a) as

granting the IJ "broad discretion to determine an eligible noncitizen's custody status during removal proceedings"). His first count warrants no habeas relief.

Petitioner's second count about ICE regulations fares no better. He claims he is entitled to a bond hearing before an IJ under 8 C.F.R. §§ 1236.1(d)(1) and 1003.19. Pet. at 23. Those ICE regulations relate to a bond hearing under § 1226(a). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). But he had a bond hearing on August 6, 2026. Pet. at 8; Doc. 16; Doc. 17.[4]

To the extent Petitioner attempts to challenge the IJ's discretionary decision to deny bond, he cannot do so. The determination of bond under § 1226(a) is within the purview of the IJ, who considers whether a noncitizen is a flight risk or a danger to the community. 8 C.F.R. § 236.1(c). Further, 8 U.S.C. § 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-cv-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and indicating "the Attorney General's exercise of discretion [via IJ orders] is not subject to judicial review"). As a result, this Court "has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond."

---

[4] Petitioner also has a one-sentence claim that his detention violates 8 C.F.R. § 241.13(i)(3). Pet. at 23. Section 241.13, though, applies only to noncitizens with final orders of removal; it has no application here.

*Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

**B. Petitioner has not shown the IJ violated his due process rights at the bond hearing.**

Though Petitioner cannot challenge the IJ's discretionary decision to deny bond, § 1226(e) does not deprive this Court "of jurisdiction to hear constitutional challenges to the extent of the Government's detention authority under the statutory framework as a whole." *Nucamendiz*, 2026 WL 221449, at *1 (citation modified); *see also Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (finding section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law" (citation modified)).

After a hearing on August 6, 2026, the IJ denied Petitioner's bond request and found his "ongoing detention is justified because he has not established that his release would not pose a danger to the community and, in the alternative, that his release would pose a significant risk of flight that no amount of bond or combination of conditions could mitigate." Doc. 17 at 3. Petitioner contends his "bond hearing was not individualized or constitutionally compliant." Pet. at 16, 24 (citation modified). He alleges he "is actively seeking legal status in the United States and has no documented criminal history in this country." *Id.* at 16. According to Petitioner, the IJ provided no "reasoning in the written denial" and the order "was thus merely a blanket denial that fails to meet the requirement"

for a "constitutionally compliant bond hearing."[5] *Id.* Petitioner also suggests it was improper for the IJ to consider the Red Notice at the August 2026 bond hearing when it had been available to ICE (but not cited) at the October 2025 bond hearing. *Id*. at 8.

This Court's review of the IJ's bond decision is limited to whether the IJ exercised his discretion in accordance with the law when denying Petitioner bond. Petitioner must show the IJ's "decision was somehow legally erroneous or unconstitutional." *Kumar*, 2026 WL 753944, at *2. "Habeas relief is appropriate only if the [IJ's] exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process." *Nucamendiz*, 2026 WL 221449, at *2 (citation modified). "To make this showing, [petitioner] can either point to the language of the [IJ]'s opinion or demonstrate that the evidence itself could not—as a matter of law—have supported the [IJ]'s decision to deny bond." *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 143 (D. Mass. 2019) (citation modified).

"In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen '(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests.'" *De Souza v. Soto*, No. CV 25-18734, 2026 WL 102946, at *3 (D.N.J. Jan. 14, 2026) (citation modified) (quoting *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022)); *see also Singh v. Mullins*, No. CIV-

[5] Petitioner's allegations regarding the IJ's "written denial" refer to the IJ's first order, Doc. 15-4. After the Petition was filed and Petitioner's appeal of the first order, the IJ issued a lengthier order explaining the basis for his bond decision. Doc. 17.

26-1083-J, 2026 WL 3027159, at *3 (W.D. Okla. Sep. 30, 2026) (R&R) (applying these requirements), *adopted*, 2026 WL 3030050, at *1 (W.D. Okla. Oct. 8, 2026); *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 1239322, at *3-4 (W.D. Okla. Apr. 17, 2026) (R&R) (same), *adopted sub nom.*, *Casallas v. Jones*, 2026 WL 1233127, at *1 (W.D. Okla. May 5, 2026).

Petitioner fails to make the required showing here. The IJ considered all the evidence produced to him by both parties and fully acknowledged "the contradictory evidence in the record" about the Red Notice. Doc. 17 at 2; *see generally* Doc. 16 (IJ Bond Hearing Audio). Counsel for Petitioner had opportunities to argue to the IJ on Petitioner's behalf, and the IJ decided bond based on evidence specific to Petitioner. *See, e.g.*, *Nucamendiz*, 2026 WL 221449, at *2 (finding the IJs' determinations that petitioners were a flight risk did not violate due process because "Respondents and Petitioners were each permitted to present evidence of risk of flight at their respective hearings, and the reasons given by the immigration judge were, in each case, specific to the petitioner's circumstances and plausibly related to the risk that the petitioner would abscond"); *De Souza*, 2026 WL 102946, at *3 (denying petitioner's motion to enforce a habeas judgment requiring a bond hearing where "the IJ did not 'summarily' deem Petitioner a flight risk" but conducted an individualized review); *accord Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1221, 1243 (D.N.M. 2025) (granting habeas relief when materials submitted by the petitioner to the IJ were not given "meaningful consideration").

Nor has Petitioner shown any constitutional defect with the IJ's findings that Petitioner failed to show his release would not pose "a danger to the community" or

"significant risk of flight that no amount of bond or combination of conditions could mitigate." Doc. 17 at 3. The burden was on Petitioner to establish he should be released.[6] He does not point to any evidence at the hearing the IJ did not consider; nor has he shown he did not receive an individualized hearing focused on the circumstances of his case. Petitioner fails to establish the IJ issued a "blanket denial," Pet. at 18, of bond. Instead, "[t]he record indicates that Petitioner was represented by counsel, presented documentary evidence, and the [IJ] issued a written order explaining his decision to deny bond. Under those circumstances," the Court should not be "persuaded that Petitioner's bond decision was the result of a predetermined outcome." *Salomov v. Blanche*, No. CIV-26-1632-R, 2026 WL 2825767, at *1 (W.D. Okla. Sep. 21, 2026). Accordingly, the IJ's decision does not offend fundamental tenets of due process, and the Court should deny Petitioner's third claim.[7]

---

[6] The IJ assigned the burden of proof at the bond hearing to Petitioner, consistent with ICE regulations and BIA precedent. *See, e.g.*, *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (stating the "burden is on the alien to show to the satisfaction of the [IJ] that he or she merits release on bond"). Petitioner makes only a passing reference to burden shifting in his Petition. Pet. at 1. But Judges in this District, including the Court, have consistently declined to order burden shifting. *See Arafat v. Warden*, No. CIV-26-1926-R, 2026 WL 3393110, at *1 (W.D. Okla. Nov. 9, 2026) ("Th[e] Due Process Clause of the Fifth Amendment is not offended by placing the burden of proof on the noncitizen at a bond hearing"); *Escobar v. Mullin*, No. CIV-26-1291-D, 2026 WL 3270063, at *2 (W.D. Okla. Oct. 30, 2026) ("declin[ing] to alter the burden of proof" at a bond hearing without "a statutory mandate or binding precedent requiring burden shifting"); *Pupo Socarras v. Figueroa*, No. CIV-26-571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) (holding "the Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing").

[7] Petitioner also alleges his "[p]rolonged civil immigration detention violates [his] right to due process." Pet. at 19. Petitioner's argument is premised on him being "subject to

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **DENY** the Petition for habeas relief, Doc. 1. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **December 7, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 14, 2026**. *See* Fed. R. Civ. P. 72(b)(2).

Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 23rd day of November, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

---

mandatory detention" or treated as an "arriving alien" with no "individualized inquiry" related to "flight risk or danger to the community." *Id*. at 20. But Petitioner is not subject to mandatory detention or treatment as an arriving alien, and he had a constitutionally compliant bond hearing in August 2026. *See Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("Because § 1226(a) governs Petitioner's detention, Petitioner is entitled to the custody procedures provided by that statute. . . . An individualized custody redetermination hearing [will] provide Petitioner with the process he is due under the statute."). Respondents also concede Petitioner's detention is under 8 U.S.C. § 1226(a). Resp. at 1. Any further claim by him is underdeveloped.